# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYLINE RIDGE, LLC,<br>                 Debtor.  | Chapter 11 Proceeding<br><br>Case No. 4:18-bk-01908-BMW |
| SKYLINE RIDGE, LLC,<br>                 Plaintiff,<br>v.<br>CINCO SOLDADOS, LLC, an Arizona limited liability company; and LANDMARK TITLE ASSURANCE AGENCY OF ARIZONA, LLC, as Trustee for Landmark Title Trust No. 18152-T,<br>                 Defendants. | Adv. Case No. 4:20-ap-00155-BMW<br><br>**RULING AND ORDER REGARDING MOTION FOR SUMMARY JUDGMENT (Dkt. 24)** |

This matter is before the Court pursuant to the *Motion for Summary Judgment* (the "MSJ") (Dkt. 24)[1] and *Statement of Facts on Motion for Summary Judgment* (Dkt. 25) filed by Defendant Cinco Soldados LLC ("Cinco") on March 29, 2021; the *Response to Cinco Soldados' Motion for Summary Judgment* (the "Response") (Dkt. 37) and *Response to Cinco Soldados' Statement of Facts in Support of Motion for Summary Judgment and Controverting Statement of Facts* (Dkt. 38) filed by Plaintiff Skyline Ridge, LLC ("Skyline") on April 13, 2021; *Cinco Soldados' Reply*

---

[1] References to "Dkt." are references to the docket in this adversary proceeding.

*in Support of Motion for Summary Judgment* (the "Reply") (Dkt. 39) and the *Response to Skyline Ridge, LLC's Controverting Statement of Facts* (Dkt. 40) filed by Cinco on April 20, 2021; and all filings on the adversary docket and associated administrative docket[2] related thereto.[3]

In the MSJ, Cinco moves the Court to dismiss this adversary proceeding. Skyline generally opposes dismissal.

On April 29, 2021, the Court heard oral argument and took this matter under advisement. Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

I. **Factual and Procedural Posture**

On March 1, 2018 (the "Petition Date"), Skyline filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As of the Petition Date, there were disputes between Skyline and Cinco pertaining to the Skyline Note[4] and Skyline Deed of Trust.

On May 29, 2020, Cinco removed this action from the Superior Court of Arizona in Pima County ("State Court") to this Court, thus commencing Adversary Case No. 4:20-ap-00155-BMW (the "Adversary Proceeding"). (Dkt. 1; Dkt. 25 at ¶ 1; Dkt. 38 at ¶ 1). In this action, Skyline seeks judgment on the Skyline Note and judicial foreclosure of the Skyline Deed of Trust on the Rancho Soldados Property. (Dkt. 25 at ¶ 2; Dkt. 38 at ¶ 2; *see also* Dkt. 2).

Shortly after Cinco's removal to this Court, Skyline filed a *Motion for Mandatory or Permissive Abstention and for Remand to State Court* (the "Abstention and Remand Motion") (Dkt. 5), in which Skyline asked the Court to abstain from hearing this matter, and to remand this case back to the State Court. At the time of the initial hearing on the Abstention and Remand Motion, competing plans were pending before the Court. One of the plans, specifically the plan proposed by Cinco, provided for a compromise of the Skyline Note and Skyline Deed of Trust,

---

[2] The administrative case is *In re Skyline Ridge, LLC*, case number 4:18-bk-01908-BMW. References to the administrative docket will be indicated by "Admin. Dkt."

[3] See Fed. R. of Civ. P. 56(c)(3) (as incorporated by Fed. R. Bankr. P. 7056).

[4] Unless otherwise indicated, defined terms have the meanings ascribed to them in the *Ruling and Order Regarding Plan Confirmation* (Admin. Dkt. 620); *Memorandum Decision Regarding Confirmation of Amended Plans of Reorganization* (Admin. Dkt. 706); and *Ruling and Order Regarding: (1) Debtor's Motion to Determine (Dkt. 766); and (2) Cinco Soldados LLC's Motion to Enforce (Dkt. 769)* (Admin. Dkt. 788).

which would effectively resolve this Adversary Proceeding. The Court therefore deferred ruling on the Abstention and Remand Motion pending the outcome of the plan confirmation proceedings. (8/6/2020 Hearing Tr. 13:5-14:23).

On November 20, 2020, the Court entered the Confirmation Order, in which the Court confirmed the Cinco Plan, which, as stated above, provides for compromise and payment of the Skyline Note, release of the Skyline Deed of Trust, and dismissal of this action. (Admin. Dkt. 709). Specifically, the Cinco Plan provides: "In consideration of receipt of the Initial Settlement Payment on the Effective Date, Debtor and Cinco shall exchange mutual releases, dismiss all pending actions without prejudice, each party to bear its own attorneys' fees, and Debtor shall release all liens and claims upon property of Cinco" (the "Compromise Provision") (Admin. Dkt. 709 at 18, § IV.A; Dkt. 25 at ¶ 8; Dkt. 38 at ¶ 4).

Consistent with the terms of the Cinco Plan, on February 19, 2021, Cinco made a transfer in the amount of $2,654,942 to the Disbursing Agent, representing the Initial Settlement Payment. (Dkt. 25 at ¶ 7; Dkt. 38 at ¶ 4).

On March 15, 2021, the Court issued a *Ruling and Order Regarding: (1) Debtor's Motion to Determine (Dkt. 766); and (2) Cinco Soldados LLC's Motion to Enforce (Dkt. 769)* (the "Enforcement Ruling and Order") (Admin. Dkt. 788), in which the Court found that the Effective Date of the Cinco Plan had timely occurred on February 19, 2021, and authorized the Disbursing Agent to execute his duties under the Confirmation Order and Cinco Plan, and to take all action necessary to effectuate the Cinco Plan.

Pursuant to the terms of the Cinco Plan, Confirmation Order, and Enforcement Ruling and Order, the Disbursing Agent executed and delivered a *Full Deed of Release and Reconveyance* on March 16, 2021, which was recorded in Pima County at Sequence No. 20210750879, which released Skyline's lien against the Rancho Soldados Property. (Dkt. 25 at ¶ 9; Dkt. 38 at ¶ 5; Dkt. 25 at Ex. A).

Skyline and Skyline's principal have appealed the Confirmation Order, which appeals remain pending; however, there is no stay pending appeal in effect. (Dkt. 25 at ¶ 6; Dkt. 38 at ¶ 4; *see also* Admin. Dkt. 733; Admin. Dkt. 752 at Ex. 1).

In the MSJ, Cinco asserts that this Adversary Proceeding must be dismissed on the basis that the Skyline Note was paid as compromised in the Cinco Plan, and the Skyline Deed of Trust was released, thus leaving no underlying cause of action. In the Response, Skyline argues that dismissal is inappropriate at this time because: (1) dismissal is contingent on the Confirmation Order, which is on appeal and is subject to modification or reversal; and (2) Cinco has failed to perform its obligations under the Cinco Plan, such that Cinco has committed material breaches that excuse Skyline from performing any duties under the Cinco Plan. Skyline further objects to this Court's entry of an order finally disposing of this action on the basis that this Court lacks constitutional authority to enter any final orders or judgments disposing of the claims in this Adversary Proceeding. In its Reply, Cinco counters that Skyline's breach allegations are irrelevant to this proceeding and maintains that there are no legal rights remaining to be adjudicated in this action given payment of the Skyline Note and release of the Skyline Deed of Trust, such that this action must be dismissed. Cinco further urges the Court to decline to issue an advisory opinion as to what may happen in the event the Confirmation Order is vacated on appeal, and to treat this as a non-core proceeding out of an abundance of caution.

## II. Legal Analysis

Pursuant to Federal Rule of Civil Procedure 56(a), as incorporated by Federal Rule of Bankruptcy Procedure 7056: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In this case, there can be no genuine dispute that the Skyline Note and Skyline Deed of Trust underlying this Adversary Proceeding have been compromised, paid, and released pursuant to the Cinco Plan and Confirmation Order. There are no legal rights remaining to be adjudicated.

Given that the Initial Settlement Payment was timely wired to and received by the Disbursing Agent on the Effective Date, a plain reading of the Compromise Provision in the Cinco Plan requires Skyline and Cinco to "exchange mutual releases, [and] dismiss all pending actions," including this pending action, "without prejudice, each party to bear its own attorneys' fees . . . ."

Skyline suggests that its pending appeal of the Confirmation Order preserves its rights with respect to this Adversary Proceeding, such that if the Confirmation Order is vacated on appeal, the Adversary Proceeding must be reinstated. Skyline, however, has cited the Court to no legal authority, or language in the Cinco Plan or Confirmation Order, to support this proposition. It appears to the Court that Skyline is attempting, yet again, to obtain a partial stay pending the outcome of the appeals of the Confirmation Order, which partial stay is unsupported by the law or record. To the extent the Confirmation Order is vacated or modified on appeal, the appellate court could fashion appropriate relief or remand to this Court for further proceedings. (*See* Admin. Dkt. 12/2/2020 Hearing Tr. 26:17-27:15, 28:7-17).

Further, Skyline's allegations that Cinco has breached the Cinco Plan are irrelevant to the discrete matter before the Court. The plain language of the Cinco Plan requires only that the Initial Settlement Payment be tendered before dismissal of this action. As noted above, it is undisputed that the Initial Settlement Payment was timely tendered and received by the Disbursing Agent.

Given the absence of a stay pending either of the appeals of the Confirmation Order, the Cinco Plan is subject to implementation and enforcement, which requires dismissal of this Adversary Proceeding.

As noted above, Skyline has objected to this Court's entry of a final order disposing of this action on the basis that the Court lacks constitutional authority to enter such order. "A bankruptcy court's jurisdiction and its power to finally adjudicate certain claims are distinct but related concepts." *Gray v. CPF Assoc. LLC*, 614 B.R. 96, 103 (D. Ariz. 2020). "Like all federal courts, the jurisdiction of the bankruptcy court is created and limited by statute." *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013). Pursuant to 28 U.S.C. § 1334(b), bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *Wilshire Courtyard*, 729 F.3d at 1285.

When there is a confirmed bankruptcy plan in the administrative case, the bankruptcy court's "related to" jurisdiction is somewhat limited. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). In the Ninth Circuit, the "close nexus" test determines the extent to which

a bankruptcy court retains "related to" post-confirmation jurisdiction. *Id.* "[T]he essential inquiry is whether 'there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy jurisdiction over the matter.'" *In re Sihabouth*, BAP No. EC-13-1378-JuTaKu, 2014 WL 2978550, at *5 (B.A.P. 9th Cir. July 2, 2014), *aff'd,* 667 F. App'x 639 (9th Cir. 2016) (quoting *Pegasus Gold Corp.*, 394 F.3d at 1194). "[M]atters affecting 'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Pegasus Gold Corp.*, 394 F.3d at 1194 (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3rd Cir. 2004)).

In addition to "arising under," "arising in," and "related to" jurisdiction, bankruptcy courts also have jurisdiction to interpret and enforce their prior orders, which jurisdiction is often referred to as "ancillary jurisdiction." *Gray*, 614 B.R. at 104. "Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees." *Id.* (quoting *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.)*, 439 F.3d 545, 549 (9th Cir. 2006)).

This Court does not have "arising under" or "arising in" jurisdiction over this proceeding, and no party has argued to the contrary. However, this Court had "related to" jurisdiction pre-confirmation given that, at a minimum, this action pertains to, what was pre-confirmation, an asset of the estate, which asset Skyline asserted was the bankruptcy estate's largest asset. Further, this Court retains "related to" jurisdiction post-confirmation given that this action is directly related to the confirmed Cinco Plan, and given that dismissal of this Adversary Proceeding is required by a plain reading of the Compromise Provision in the confirmed Cinco Plan. This matter directly affects the implementation, consummation, execution, and administration of the confirmed Cinco Plan, and therefore has the requisite close nexus to uphold this Court's retention of "related to" jurisdiction. The Cinco Plan also expressly provides for this Court's retained jurisdiction to, among other things "[r]esolve any and all . . . adversary proceedings . . . that may be pending on the Effective Date . . . ;" and "[e]nter such orders as may be necessary or appropriate to implement or consummate the provisions of the Cinco Plan and all contracts,

instruments, releases, and other agreements or documents entered into connection with the Cinco Plan[.]" (Admin. Dkt. 709 at 32, § VII.O).

Moreover, and importantly, given that dismissal of this action is required under the confirmed Cinco Plan, this Court has ancillary jurisdiction to enter an order dismissing this action. This Court's retained jurisdiction to enter such a dismissal order is necessary in order for this Court to "vindicate its authority and effectuate its decrees[.]" *Gray*, 614 B.R. at 104 (quoting *Sea Hawk Seafoods, Inc.*, 439 F.3d at 549).

Even if a bankruptcy court has jurisdiction over a proceeding, there may be limits to that court's ability to enter final orders or judgments. In this case, as has been discussed above, the Court has "related to" and ancillary jurisdiction. Proceedings "related to" a case under the Bankruptcy Code are "non-core" proceedings in which bankruptcy courts lack the ability to finally adjudicate claims absent the consent of the parties. *Gray*, 614 B.R. at 103. However, "[w]hen bankruptcy courts have exercised ancillary jurisdiction to stop violations of a confirmed plan, courts have reasoned that such proceedings qualify as 'core' under the bankruptcy code." *Id.* at 104-105 (collecting cases). This is because "[a]ctions to interpret or enforce a prior order are effectively a continuation of that earlier proceeding[.]" *Id.* at 105. "[T]hus if that earlier proceeding was 'core,' then the later one is too." *Id.* Given that this Court is exercising ancillary jurisdiction to enforce this Court's Confirmation Order by dismissing this Adversary Proceeding, it is this Court's determination that this is a "core" proceeding.

Although the Supreme Court has recognized that even faced with a core proceeding, the Constitution may nevertheless, under certain circumstances, limit a bankruptcy court's ability to finally adjudicate the claim, "not only is the ability of the bankruptcy court to enforce its own orders a matter integrally related to a core function of that court but, when those efforts implicate the confirmed plan, the proceeding also 'stems from the bankruptcy itself' such that *Stern* does not preclude final adjudication." *Gray*, 614 B.R. at 105-06 (quoting *Stern v. Marshall*, 564 U.S. 462 (2011)).

Based upon the foregoing, it is the determination of the Court that this is a core proceeding

in which this Court has authority to enter an order dismissing the Adversary Proceeding.[5]

### III. Conclusion

Under the unambiguous terms of the confirmed Cinco Plan, the implementation of which plan has not been stayed pending the outcome of the appeals of this Court's Confirmation Order, this Adversary Proceeding must be dismissed. Based upon the foregoing, and for good cause shown;

**IT IS HEREBY ORDERED** granting Cinco's MSJ and dismissing the Adversary Proceeding without prejudice, each party to bear its own attorneys' fees.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the
Bankruptcy Noticing Center ("BNC")
to the following:

Skyline Ridge, LLC
3400 E Finger Rock Cir
Tucson, AZ  85718

Notice of Electronic Filing to be sent via email,
through the CM/ECF System, to ALL registered users, including:

Bradley David Pack
Engelman Berger PC
*Counsel for Debtor/Plaintiff*

Robert M. Charles, Jr.
Lewis Roca Rothgerber Christie
*Counsel for Defendants*

---

[5] If it is determined that this Court lacks authority to enter a final order disposing of this Adversary Proceeding, the foregoing constitute the Court's proposed findings of fact and conclusions of law.